IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ROBERT STEARNS, | Cause No. CV 18-12-M-DLC-JCL |
| Petitioner, | |
| vs. | AMENDED ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| JAMES SALMONSON, | |
| Respondent. | |

This case comes before the Court on Petitioner Robert Stearns's application for writ of habeas corpus under 28 U.S.C. §2254, filed January 29, 2018. Stearns is a state prisoner proceeding pro se.

## I. Background

Stearns was one of a group of petitioners that joined in filing what they characterized as an "En Masse Petition for Writ of Habeas Corpus- 28 U.S.C. § 2254 as per Rule 23 of the Federal Rules of Civil Procedure." (Doc. 2). The "en masse" petitioners sought to challenge the constitutionality of the criminal charging process utilized against them by the State of Montana. *Id.* at 18-32.

Stearns, and the additional petitioners, were notified that the Court would not allow them to proceed as a group and that separate cases would be opened for each. (Doc. 1 at 1-5). Petitioners were then ordered to respond individually to

1

advise the Court whether or not they wished to proceed and, if so, petitioners were directed to each complete the Court's standard habeas form. *Id*. at 5-6. Stearns did not respond to this Court's order.

### i. Motion for Leave to Proceed in Forma Pauperis

Stearns has moved this Court to be granted in forma pauperis status. (Doc. 3). Because there is no reason to delay this matter further, Stearns's motion will be **GRANTED**.

### ii. Motion to Dismiss

Stearns asks this Court to dismiss Indecent Exposure convictions handed down in the Twenty-First Judicial District, Ravalli County, in Cause No. DC-07-48 and Sexual Intercourse without Consent convictions handed down in the Eighth Judicial District, Cascade County in Cause No. BDC-97-020. (Docs. 4 at 1; 5 at 1).[1] The argument is premised upon what Stearns believes to be a faulty and unconstitutional state criminal charging process. *Id*. at 1-12.[2]

To the extent that Stearns seeks to challenge his Ravalli County convictions, Stearns has already been afforded the opportunity to do so in this Court. His previous petition was dismissed with prejudice as procedurally defaulted without excuse. *See Stearns v. Attorney General of the State of Montana*, Cause No. CV

---

[1] *See also* Montana Correctional Offender Network: https://app.mt.gov/conweb/Offender/41626 (accessed March 7, 2018).
[2] All of the "en masse" petitioners filed this identical motion, but each specified his individual state-court conviction(s).

10-44-M-DWM-JCL (D. Mont. judgment filed Oct. 25, 2010). Until Stearns obtains leave from the Ninth Circuit Court of Appeals to file a successive habeas petition challenging the Ravalli County convictions, *see* 28 U.S.C. § 2244(b), this Court has no jurisdiction to hear his claims, *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

Further, to the extent that Stearns seeks dismissal of the Cascade County convictions, this Court is not able to provide him the relief sought. Federal district courts, as courts of original jurisdiction, do not serve as appellate tribunals to review errors allegedly committed by state courts. *MacKay v. Pfeil*, 827 F. 2d 540, 543 (9th Cir. 1987); *see also Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970)("lower federal courts possess no power whatever to sit in direct review of state court decisions"). It would be entirely inappropriate for this Court to review and dismiss the state convictions as suggested by Stearns. The Motion to Dismiss (Doc. 4) is **DENIED**.

### iii. 28 U.S.C. § 2254 Petition

As noted, Stearns has not filed an individual petition for habeas corpus relief as directed. And as stated in this Court's prior order of February 5, 2018, Stearns is precluded from filing his request for habeas relief en masse with other petitioners. (Doc. 1 at 1-5). Dismissal on that ground is appropriate. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 645 (1998)(explaining that dismissal for

technical procedural reasons should not bar prisoners from ever obtaining federal habeas review)(citing *United States ex rel. Barnes v. Gilmore*, 968 F. Supp 384, 385 (N.C. Ill. 1997) and *Marsh v. U.S. Dist. Court for Northern Dist. of California*, 1995 WL 23942 at *1 (N.D. Ca. 1995)). Recognizing that courts generally treat pro se habeas petitioners leniently, the dismissal should be without prejudice. *Castro v. United States*, 540 U.S. 375, 377 (2003); *Woods v. Carey*, 525 F. 3d 886, 889-90 (9th Cir. 2008).

## II. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The claims advanced by Stearns do not appear to make a substantial showing that he was deprived of a constitutional right. No reasonable jurist would suggest the Court go forward with the case without Stearns's participation. A certificate of appealability should be denied because reasonable jurists would find no reason to encourage further proceedings.

Based on the foregoing, the Court enters the following:

## ORDER

1. Stearns's Motion to Proceed in Forma Pauperis (Doc. 3) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

2. Stearns's Motion to Dismiss (Doc. 4) is DENIED.

## RECOMMENDATION

1. Stearns's Petition (Doc. 2) should be DISMISSED without prejudice.

2. The Clerk of Court should be directed to enter a judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Stearns may object to this Findings and Recommendation within 14 days.[3] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de

---

[3] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Stearns is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

5

novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Stearns must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 17th day of April, 2018.

>  */s/ Jeremiah C. Lynch*
>  Jeremiah C. Lynch
>  United States Magistrate Judge